ACCEPTED
12-14-00296-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/26/2014 12:18:52 PM
CATHY LUSK
CLERK

**Case No. 12-14-00296-CR**

**IN THE TWELFTH COURT OF APPEALS**

**TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

12/26/2014 12:18:52 PM

CATHY S. LUSK
Clerk

**DAVID MARK DAVIS II,**

**Appellant,**

**VS.**

**THE STATE OF TEXAS,**

**Appellee**

**On Appeal from the County Court at Law No. 2 of Angelina County, Texas**

**Trial Cause No. 14-1048**

**APPELLANT'S REPLY TO STATE'S BRIEF**

**David Mark Davis II**
**Appellant,** *Pro Se*
**11 Glenview Court**
**Lufkin, Texas 75901**
**(936) 238-8507**
**dmarkdavis2@gmail.com**

*APPELLANT WAIVES ORAL ARGUMENT*

1

## PARTIES

**ATTORNEY'S FOR THE STATE AT PRE-TRIAL HEARING, PLEA HEARING AND ON APPEAL:**

ED C. JONES, Angelina County Attorney
TX State Bar No. 10873300
Angelina County Attorney's Office
P. O. Box 1845
Lufkin, Texas 75902-1845
936-639-3929

JAMES YAKOVSKY, Assistant Angelina County Attorney
Assigned as lead attorney on the case at Trial Court level
TX State Bar No. 24030668
Angelina County Attorney's Office
P. O. Box 1845
Lufkin, Texas 75902-1845
936-639-3929

**DEFENDANT -  PRO SE**

DAVID MARK DAVIS II
11 Glenview Court
Lufkin, Texas  75901
(936) 238-8507

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Appellant
Brief for David Mark Davis II was delivered via email to Mr. Jones and delivered via USPS to
Mr. Yakovsky.

David Mark Davis II
Defendant, Pro Se

2

## Table of Contents

Table of Authorities…………………………………………………………….…3

Appellant's Response to State's Brief …………………………………………………4

State's Claim that "there was no arrest, no searches and no seizures"………………………4

Officers Authority to Arrest or Detain………………………………………………..5

Conclusion…………………………………………………………………………5

Prayer…………………………………………………………………………6

Certificate of Word Count……………………………………………………………6

## Table of Authorities

| Cases | Page |
|---|---|

*United States v. Mendenhall*, 446 U.S. 544, 554 (1980)…………………………………………4
*Delaware v. Prouse*, 440 U.S. 648, 650(1979) …………………………………………….4
*Whren v. United States*, 517 U.S. 806 (1996)……………………………………………4, 5
*Brendlin v. California*, 551 U.S. 249 (2007) …………………………………./…………5

### US Constitution

U.S. Const. amend. IV …………………………………………….………………..…4, 5, 6

3

**Appellant's Response to State's Brief**

On December 26, 2014, the State filed "*REPLY BREIF FOR APPELLEE*" in this cause. Davis respectfully submits the following rebuttal to said response:

**State's Claim that "there was no arrest, no searches and no seizures"**

This claim simply lacks legal merit. The precedent is well established that when the police cause the reasonable person to feel that they are not free to leave a police encounter, they have seized that person within the meaning of the Fourth Amendment. See *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The trial court held that Davis was temporarily not free to leave the police encounter (**See RR Vol. II, P. 9)** thus Davis satisfied his argument that he was seized under the standard set forth by the Supreme Court in *Mendenhall*.

Furthermore, contrary to the State's argument, a routine traffic stop has been deemed a seizure under the Fourth Amendment for nearly half a century. In 1979, the Supreme Court held that "*[s]topping an automobile and detaining its occupants constitute a "seizure" within the meaning of U.S. Const. amends. IV and XIV, even though the purpose of the stop is limited and the resulting detention quite brief.*" *Delaware v. Prouse*, 440 U.S. 648, 650(1979). In 1996, the Supreme Court again held *"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning within the meaning of the Fourth Amendment."* *Whren v. United States*, 517 U.S. 806 (1996). Even as recent as 2007, the Supreme Court has opined "*[w]hen a police officer makes a traffic stop, the driver of the car is seized within the meaning of the Fourth Amendment."* *Brendlin v. California*, 551 U.S. 249 (2007). Bottom line, the State's argument no seizure has occurred is completely contrary to clearly established law.

**Officers Authority to Arrest or Detain**

The State claims that various laws allow a law enforcement officer to detain an individual who the officer witnesses speeding. Davis does not dispute this contention. However, when the detention is challenged as is the case here, the State has the burden to show the stop was supported by probable cause. ***See Whren v. United States***, 517 U.S. 806 (1996). In the instant case, the State called no witnesses and presented no evidence to support the stop was reasonable. The attorney for the State who did not witness the alleged offense cannot justify a stop on behalf of the officer by claiming that the Officer's stop was reasonable. The State had an affirmative duty to present testimonial or other evidence to support the stop, and it failed to do so.

**Conclusion**

Davis established that he was seized within the meaning of the Fourth Amendment when Officer Carroll conducted the traffic stop related to these proceedings. The trial court took notice that said traffic stop was effected without a warrant and opined that Davis was not free to leave. At the point, Davis proved a prima facie case that said traffic stop violated the Fourth Amendment. The State presented zero evidence to support the trafffic stop, however, the trial court still denied Davis' Motion to Suppress. Contrary to the State's argument, the trial court abused its decretion when it denied the motion to suppress. The State would not have been able to make a prima facie case had this evidence been excluded. This conviction cannot be allowed to stand and this Court must reverse and remand.

## Prayer

Davis has proven a prima facie case that the State and Lufkin Police Department have violated his Fourth Amendment right to be free from unreasonable seizures. As such, Davis prays this Court reverse the conviction and remand the case back to the trial court.

Respectfully Submitted,

David Mark Davis II
Appellant, *Pro Se*

## Certificate of Word Count

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this reply (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 644.

David Mark Davis II
Appellant, *Pro Se*